IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUSTIN EMON WALLER,

    Petitioner,
v.                                          CASE NO. 5:16-cv-28-WTH-GRJ

N.C. ENGLISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 4, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Respondent filed a response, ECF No. 14, and the petition is therefore ripe for review. Upon due consideration, the undersigned recommends that the Petition be denied.

### I. Background

Petitioner pleaded guilty in 2012 in the Southern District of Alabama to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and to discharging a firearm in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). (ECF Nos. 14-1, 14-2.) Petitioner's plea agreement included waiving his right to challenge his conviction and sentence on direct appeal and by 28 U.S.C. § 2255, with limited

exceptions. (ECF No. 14-2 at 11–12.) Plaintiff was then sentenced on December 6, 2012, to 157 months' imprisonment, followed by 5 years' supervised release. (ECF No. 14-3.)

Plaintiff did not file a direct appeal.  On June 6, 2014, Petitioner filed a petition challenging his sentence under 28 U.S.C. § 2255. (ECF No. 14-4.) Petitioner alleged that he is actually innocent and his sentence was illegal as a violation of the Constitution's prohibition against double jeopardy and that his attorney was ineffective for advising him to plead to both counts. (*Id.*) Petitioner's § 2255 petition was denied as time-barred and without merit, and he was denied a certificate of appealability. (ECF Nos. 14-5, 14-6, 14-8.)

Petitioner filed the instant § 2241 Petition on February 25, 2016. (ECF No. 4.)

## II.  Discussion

Petitioner raises two grounds for relief. First, Petitioner argues that the cumulative penalties he received for aggravated bank robbery and using a firearm in the commission of the bank robbery were impermissible because the Double Jeopardy clause protects Petitioner from multiple punishments for the same offense. Second, Petitioner alleges that he

should not have received a sentence for possession of the firearm during the bank robbery because his sentence for the bank robbery was already enhanced. (ECF No. 4.)

Petitioner is expressly precluded by 28 U.S.C. § 2255 from pursuing any remedies under § 2241. Congress established § 2255 as the primary means of collateral attack on a federal sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Under limited circumstances, however, a petitioner may invoke the "saving clause" in § 2255(e), which permits a petitioner to seek relief under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." 28 U.S.C. § 2255(e). Petitioner has "[t]he burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015).

Here, Petitioner has failed to show that the § 2255 remedy was inadequate or ineffective. Last month in *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1086–87 (11th Cir. 2017), an *en banc* decision, the Eleventh Circuit held:

> [t]o determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

*McCarthan* precludes Petitioner from utilizing the savings clause to file a § 2241 habeas petition. Petitioner already raised his claims in § 2255 petition and thus § 2255 was an adequate and effective procedure to test Petitioner's claims.

Petitioner's argument that the statute of limitations made the remedy under § 2255 either inadequate or ineffective is also foreclosed by *McCarthan*. The fact the Court denied Petitioner's § 2255 petition as time-barred does not make the remedy inadequate or ineffective.  As the *McCarthan* court found "[a] procedural rule that might prevent success on a particular motion does not render the remedy an inadequate 'means.'" 851 F.3d at 1086. Rather, "[t]he remedy by motion is not ineffective *unless* the procedure it provides is incapable of adjudicating the claim." *Id.* at 1088 (emphasis added). Because the motion to vacate under § 2255 provided an adequate remedy to challenge the legality of Petitioner's sentence, Petitioner has failed to satisfy the saving clause and is therefore not

permitted to seek relief under § 2241.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

The Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 4, should be **DISMISSED.**

**IN CHAMBERS** this 24th day of May 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.